RENAULT TAXI SERVICE v. PARK CARRIAGE CO.

(Supreme Court, Appellate Term. November 11, 1910.)

MUNICIPAL CORPORATIONS (§ 706*)— USE OF STREET — DAMAGE TO VEHICLE— EVIDENCE.

In an action to recover for damage to an automobile by defendant's negligence in colliding with it, testimony by the chauffeur who drove the automobile, identifying the automobile injured as the one he had operated, was admissible, though he did not then recall the license number.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 706.*]

Bijur, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by the Renault Taxi Service against the Park Carriage Company. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued before SEABURY, PAGE, and BIJUR, JJ.

Herrick C. Allen, for appellant.
Arthur K. Wing, for respondent.

PER CURIAM. Action to recover damages to an automobile, caused through the alleged negligence of the defendant. The circumstances under which the defendant's vehicle collided with the automobile of the plaintiff are strongly suggestive of the negligence of the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

defendant and of the plaintiff's freedom from contributory negligence. The only respect in which it seems to be claimed that the plaintiff failed in its proof is in regard to the evidence of damage.

The witness Raffalovich was not permitted to describe the damage done to the car, on the ground that the car was not sufficiently identified as the car with which the vehicle of the defendant came into collision. The witness identified the car as the one which he had operated as chauffeur, and the mere fact that he did not recall the license number did not justify the exclusion of his testimony. It seems to us that this witness was shown to be competent to testify to the value of the repairs. We think that the exclusion of this evidence was error.

There were other errors committed upon the trial, which were prejudicial to the plaintiff; but, as there must be a new trial for the reasons assigned, it is unnecessary to comment upon them.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.

BIJUR, J. (dissenting). I think the complaint was properly dismissed, first, because the car repaired was not sufficiently identified as the one injured; and, second, because there was no proof that the damage repaired was that done by defendant.

There is an unexplained interval of 14 hours during which, apparently, the car, after having been run into the shop on its own power, was under nobody's surveillance. If we may indulge in any presumption, I think the nature of the repairs needed indicates that the damage was not done by defendant, but by some occurrence during the interval. This failure of proof is quite independent of the effect of any possible erroneous rulings of the trial judge.

The judgment should be affirmed.